FREDERICK N. HAMLIN, RESPONDENT, *v.* ELISHA R. WHEELOCK, APPELLANT.

*Contract — when invalid because not supported by any legal consideration.*

By an agreement entered into between the parties to this action the defendant agreed to pay to the plaintiff two dollars and fifty cents on each and every 5,000 bushels of grain purchased and sold, or sold and purchased, in the course

of the defendant's business, to any customer or customers who should be introduced to him by the plaintiff, *or by either of the persons so introduced.*

*Held,* that so far as the contract provided for the payment of the amount specified for the act of the plaintiff in introducing customers to the defendant, it was valid, as this was an act of service performed by the plaintiff, beneficial to the defendant, which the law will permit to operate as a legal consideration.

That, in so far as it provided for the payment of the amount specified, in the case of persons introduced to the defendant by the dealers introduced to him by the plaintiff, it imposed no legal obligation upon the defendant, as there was no legal consideration for his promise to pay, since any benefit he derived therefrom was in no way dependent upon the act, authority, direction or concurrence by the plaintiff, nor did the latter subject himself to any inconvenience or injury.

APPEAL from an interlocutory judgment, entered upon the trial of this action before a referee.

*George W. Van Slyck,* for the appellant.

*John L. Branch,* for the respondent.

DANIELS, J. :

The interlocutory judgment directs an accounting of the purchases and sales of grain made by the defendant, to ascertain the amount payable to the plaintiff out of the proceeds of such sales, under an agreement alleged in the complaint, and found to have been proven by the referee. The evidence was in conflict as to the making and terms of the agreement, but it was sufficiently favorable to the plaintiff to support the referee in his conclusion that the agreement was made as the plaintiff's testimony tended to establish the fact to be. By this agreement, as it was found to have been proven, the defendant agreed to pay to the plaintiff two dollars and fifty cents on .each and every 5,000 bushels of grain purchased and sold, or sold and purchased, in the course of the defendant's business, to any customer or customers who should be introduced to him by the plaintiff, or by either of the persons so introduced, and the accounting directed by the referee is as broad as this contract is found to have been made between the parties.

The referee has also found, upon proof, which was ample for that purpose, that the plaintiff did introduce to the defendant, two persons who dealt with him in the purchase and sale of grain, and upon whose transactions the plaintiff was entitled to these commissions;

for the act of introducing these customers to the defendant was a legal consideration to that extent, for the agreement entered into by the plaintiff. It was an act of service performed by the plaintiff, beneficial to the defendant, which the law will permit to operate as a legal consideration. (*White* v. *Drew*, 56 How., 53.) And the referee was right in directing an accounting to take place to ascertain the extent of the dealings of these parties with the defendant, upon which the plaintiff was entitled to recover such commissions.

But, as to the persons introduced to the defendant by either of the dealers introduced to him by the plaintiff, a very different case is presented, for no act of service whatever was performed by the plaintiff in their introduction to the defendant, or by which they were induced to deal with him in the course of his business. As to those individuals the plaintiff in no manner or way interfered. He performed no act, subjected himself to no inconvenience, and conferred no benefit upon the defendant; but whatever was done in the way of securing them as customers was done by other persons, who were not acting for, or in behalf of the plaintiff, or at his instance. What they did was done independently of the plaintiff, and could not legally form a consideration for the payment by the defendant to him of this commission. These persons became customers of the defendant of their own volition, influenced, it is true, so far as an introduction could influence their action, by the persons introduced to the defendant by the plaintiff. But what took place was in no manner dependent upon the act, authority, direction or concurrence, of the plaintiff. And in that state of the relation of these parties, the dealings of these customers with the defendant formed no consideration for an agreement on his part to pay to the plaintiff commissions. He conferred as to them no benefit upon the defendant, neither did he subject himself to any inconvenience or injury, by reason of the fact that these persons were secured as customers for the defendant. And when that may be the fact, no legal consideration will exist for the support of a promise of the description of that found by the referee, relating to the business of these customers with the defendant, who were introduced to him, not by the plaintiff, but by the persons he had introduced, acting solely and exclusively in obedience to their own inclinations. For to create a legal consideration which will support a promise, there

must be at least some benefit conferred upon the one party, or some injury or inconvenience sustained by the other. (*Ainsworth* v. *Backus*, 5 Hun, 415 ; *Freeman* v. *Freeman*, 43 N. Y., 34, 39.)

Before the commencement of the action the plaintiff had received from the defendant the sum of $300 on account of the commissions, and upon the understanding that this was all he was entitled to out of these dealings of the defendant he executed and delivered to him a receipt in full. This proved to be a misapprehension, as the fact is found to have been known at the time to the defendant himself. The plaintiff acted under this misapprehension in giving the receipt. There was, as the referee has found the fact to be, a larger amount due to the plaintiff than the sum he so received, and, under this state of facts, the referee was right in concluding the receipt not to form a legal defense against the plaintiff's action. It was open, as receipts usually are, to explanation, and by that which was given it was made to appear that the plaintiff was not bound by it beyond the fact that it was evidence that he had received this sum of $300. There was no consideration whatever for the statement that it was received in full, and under the misapprehension existing, which was known to the defendant not to be correct, he could not insist upon the receipt itself as a legal defense to the action. The judgment from which the appeal has been taken should be modified so far as to restrict and limit the accounting to the commissions arising out of the dealings with the defendant, of the persons introduced to him by the plaintiff, and as so modified it should be affirmed, without costs to either of the parties.

DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.